IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AMANDA WOLBERG,

        Plaintiff,

        v.

UNITED STATES GOVERNMENT,

        Defendant.

Case. No. 6:26-cv-01171-MC

OPINION & ORDER

_____

MCSHANE, Judge:

Plaintiff Amanda Wolberg, proceeding *pro se*, brings myriad overlapping and unlabeled claims against several defendants across a Complaint (Compl., ECF No. 1) and Amended Complaint (Am. Compl., ECF No. 5) filed just days apart. The defendants Plaintiff names in the captions of her filings are the United States Government, Federal Bureau of Investigation, Federal Bureau of Prison, and University of Oregon Police. Plaintiff seeks leave to proceed *in forma pauperis* in this action. ECF No. 2. Plaintiff has also filed a Motion for Appointment of Pro Bono Counsel. ECF No. 3.

Because the Court is satisfied with Plaintiff's showing of indigency, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Complaint (ECF No. 1) and Amended Complaint (ECF No. 5), considered together here, are DISMISSED with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) as explained below. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

1 – Opinion & Order

## LEGAL STANDARD

### I.      Proceedings *In Forma Pauperis*

This court has discretion in deciding whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

### II.     Civil Rights Pleading Standard

When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## DISCUSSION

### I.      The Complaints

Plaintiff's Complaint must be dismissed because it is frivolous and does not comply with

2 – Opinion & Order

Federal Rule of Civil Procedure 8. When considering an *in forma pauperis* complaint, the Court must dismiss the Complaint if it determines the action is frivolous or malicious. 28 USC § 1915(e)(2)(B); *Lopez v. Smith*, 203 F3d 1122, 1127 (9th Cir. 2000) (*en banc*). In doing so, the Court may reject "completely baseless" allegations, including those that the Court finds "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Further, under Rule 8, complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (affirming Rule 8 dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings"). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (citation omitted).

The Ninth Circuit has held that a dismissal for failure to comply with Rule 8 was proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Complaints that fail to comply with Rule 8 "impose unfair burdens on

3 – Opinion & Order

litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for what." *Id.* at 1179. A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified within it and the complaint is not "wholly without merit." *Id.* (stating Rule 8's requirements apply "to good claims as well as bad").

The Court must dismiss Plaintiff's Complaint and Amended Complaint here. Throughout the Complaint filed June 9, 2026, Plaintiff refers to conduct by multiple individuals, named and unnamed, the University of Oregon, a church, various businesses, a hospital, and law enforcement and intelligence agencies that allegedly caused her individual harm, all of which share a connection to an alleged pervasive and violent human trafficking conspiracy she has uncovered across Oregon. Plaintiff filed an Amended Complaint on June 11, 2026, describing additional events of the intervening days.[1] Plaintiff has documented such investigation through Instagram posts purporting to show "bloodstains" and results of "thermal imaging." Among these allegations, Plaintiff loosely refers to "negligence and negligent supervision," "civil corruption," "medical malpractice," "false imprisonment," "dereliction of duty," "identity theft," "misappropriation of likeness," "invasion of privacy," "fraud," "Child Trafficking," "Human trafficking," "invasions of Privacy Digital and Physical," and violations of the Trafficking Victims Protection Act, First Amendment, Fourth Amendment, Eighth Amendment, and Fourteenth Amendment. Plaintiff's pleadings are largely unintelligible, and where they are intelligible, they are frivolous, based on spurious and fantastical allegations.

## II.    Appointment of Pro Bono Counsel

There is no constitutional right to counsel in a civil case. *See Ivey v. Bd. of Regents of Univ.*

---

[1] Though the Court considers both here, Plaintiff is advised that an amended complaint *supersedes* the original complaint and renders it of no legal effect, unless the amended complaint incorporates by reference portions of the prior pleading. *E.g.*, *Valadez-Lopez v. Chertoff*, 656 F3d 851, 857 (9th Cir. 2011).

4 – Opinion & Order

*of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). Whether "exceptional circumstances" exist depends on two factors to be viewed together: "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)). The decision to appoint counsel is "within the sound discretion of the trial court." *Agyeman*, 390 F.3d at 1103 (quotation marks omitted).

Appointment of pro bono counsel is not appropriate here. First, Plaintiff has not demonstrated any likelihood of success on the merits of her claims. *E.g.*, *Gener v. Trump*, 2025 WL 3067906, at *1 (D. Or. Nov. 3, 2025) (citing *Fierro v. Smith*, No. 19-16786, 2022 WL 2437526, at *1–2 (9th Cir. July 5, 2022)). Even if Plaintiff faces certain challenges pursuing and presenting her case, her circumstances are not exceptionally different from the same challenges faced by most self-represented litigants. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). A need to further develop facts and arguments at the pleading stage is not an exceptional circumstance. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986) ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990) (concluding lack of access to legal materials constituted type of "difficult[y] which any litigant would have in proceeding pro se" and was therefore not an "exceptional factor[]"). Plaintiff's financial hardship also does not provide a legally sufficient reason for the Court to find exceptional circumstances here; nearly every litigant proceeding *in forma pauperis* and requesting appointment of pro bono counsel

5 – Opinion & Order

faces financial difficulties in retaining their own attorney.[2]

## **CONCLUSION**

The Court finds as follows:

- Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

- For the reasons explained above, the Complaint (ECF No. 1) and Amended Complaint (ECF No. 5) are DISMISSED with leave to amend.

- Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED.

Because Plaintiff is self-represented and her pleadings have not previously been dismissed in this case, the Complaint is dismissed with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Plaintiff is advised that failure to file an amended complaint in the allotted time will result in the entry of a judgment of dismissal without further notice.

IT IS SO ORDERED.

DATED this 22nd day of June, 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge

---

[2] Plaintiff is also advised of the resources on the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," available to the public at: https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

6 – Opinion & Order