IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

AMANDA WOLBERG,                                    Case. No. 6:26-cv-01171-MC

      Plaintiff,                                    OPINION & ORDER

      v.

FEDERAL BUREAU OF INVESTIGATION,
LANE COUNTY, UNIVERSITY OF
OREGON POLICE, FEDERAL BUREAU
OF PRISONS – LOS ANGELES, VAN
NUYS LAPD

      Defendants.

_____

MCSHANE, Judge:

Plaintiff Amanda Wolberg, proceeding *pro se* and *in forma pauperis*, brings this action against the Federal Bureau of Investigation, Lane County, University of Oregon Police, Federal Bureau of Prisons – Los Angeles, and Van Nuys LAPD following the Court's screening of her initial filings pursuant to 28 U.S.C. § 1915(e)(2)(B). Am. Compl., ECF No. 17. Upon screening Plaintiff's Amended Complaint, the Court finds it is subject to dismissal. Because further amendment would be futile, the Amended Complaint (ECF No. 17) is DISMISSED WITH PREJUDICE.

**LEGAL STANDARD**

When screening a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B),

1 – Opinion & Order

the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal citation omitted). The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

## **<u>DISCUSSION</u>**

Plaintiff's Amended Complaint must be dismissed because it does not meet the federal pleading standards under Rule 12(b)(6) or Rule 8. When considering an *in forma pauperis* complaint, the Court must dismiss pleadings based on "completely baseless" allegations, including those that the Court finds "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lopez v. Smith*, 203 F3d 1122, 1127 (9th Cir. 2000) (*en banc*). Further, under Rule 8, complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted). "While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of

2 – Opinion & Order

incomprehensible rambling." *Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citation omitted); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980); *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint ma[kes] it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). The requirements of Rule 8 apply "to good claims as well as bad." *Id.* at 1179.

Like the original pleadings the Court found subject to dismissal in its screening order dated June 22, 2026 (ECF No. 7), the Amended Complaint contains lengthy, narrative allegations. Plaintiff supplements these allegations with links to posts on Instagram and Facebook, screenshots of text and direct message conversations between Plaintiff and multiple individuals, and additional filings. ECF No. 17-1 ("Additional Commentary, Photo Evidence & Information"); ECF No. 14, 15 ("Exhibits"). Finally, Plaintiff also submitted four physical thumb drives to the Court. ECF No. 12, 18. Irrespective of the veracity of Plaintiff's allegations or the severity of the activities they describe, the allegations and incorporated materials of the Amended Complaint do not plausibly state a claim or support the Court's jurisdiction over this matter. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) ("The plausibility of a pleading . . . derives from its well-pleaded factual allegations."); *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## CONCLUSION

Plaintiff's pleadings have already been dismissed in this case, and based on the allegations of the Amended Complaint, the Court finds that deficiencies in the pleadings cannot be cured by further amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Amended Complaint (ECF No. 17) is therefore DISMISSED WITH PREJUDICE.

3 – Opinion & Order

IT IS SO ORDERED.

DATED this 29th day of July 2026.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge